UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COREY MAYFIELD                          CIVIL ACTION

VERSUS                                  NO: 15-5553

UNUM LIFE INSURANCE                     SECTION: "J"(4)
COMPANY OF AMERICA

## ORDER & REASONS

Before the Court is an unopposed *Motion for Summary Judgment on the Applicability of ERISA and Preemption of State Law Claims* **(Rec. Doc. 12)** filed by Defendant. Plaintiff's counsel advised the Court that it does not oppose Defendant's motion. Having considered the motion and Defendant's legal memorandum, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

On October 29, 2015 Plaintiff filed the present suit to recover disability benefits under a group long-term disability policy. The disability policy was issued by Defendant UNUM Life Insurance Company of America (UNUM) to Plaintiff's employer, Alliance Offshore, LLC (Alliance). Plaintiff filed a claim for long-term disability benefits because he alleges that his medical condition precludes him from working on a full-time basis. (Rec. Doc. 1 at 1.) Plaintiff's initial claim for long-term benefits was denied by Defendant under the policy. *Id.* at 2. Plaintiff argues that he meets the disability standard under the policy and is

therefore entitled to his full benefits. *Id.* On June 16, 2016, Defendant filed the present motion for summary judgment (Rec. Doc. 12.) Defendant argues that because Plaintiff's insurance policy is a group policy funding a disability plan established and maintained by Plaintiff's employer as part of an employee welfare benefit plan that Plaintiff's claims are governed by the Employee Retirement Income Security Act (ERISA) (Rec. Doc. 12-1 at 1.) Defendant's motion is before the Court on the briefs.

## PARTIES' ARGUMENTS

Plaintiff's Complaint (Rec. Doc. 1) argues that Defendant refused to pay Plaintiff's claim for disability benefits within thirty (30) days after receiving proof of loss that a reasonably prudent businessperson would deem sufficient to pay. Therefore, Plaintiff argues that he is entitled to "penalties double the amount of back benefits plus attorney [sic] fees pursuant to penalty statutes in the Louisiana Insurance Code, including La. R.S. § 22:1821(A)." *Id.* at 2.Defendant argues that Plaintiff's claims are governed by ERISA. (Rec. Doc. 12-1 at 1.) Therefore, Defendants argue that Plaintiff's "claim for penalties and attorney's fees pursuant to La. R.S. § 22:1821 are preempted." *Id.* at 2.

## LEGAL STANDARD

District courts may grant a motion as unopposed, provided that the motion has merit. *Gilmore v. Lake Charles PC, L.P.*, No.

2

15-4098, 2016 WL 3039813, at *1 (E.D. La. May 27, 2016) (citing *Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001)). Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either

3

countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265. If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g.*, *Id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

The Court must resolve two issues to determine if summary judgment in favor of Defendant is appropriate: (1) whether the disability policy at issue is governed by ERISA, and (2) whether Plaintiff's claim for penalties and attorney's fees under La. R.S. § 22:1821 is preempted by ERISA.

### 1.   **Whether the Disability Policy at Issue is Governed by ERISA**

The Fifth Circuit devised a three-part test to determine whether a particular employee benefit qualifies as an employee

benefit plan under ERISA. *Cantrell v. Briggs & Veselka Co.*, 728 F.3d 444, 448 (5th Cir. 2013) (citing *Meredith v. Time Ins. Co.*, 980 F.2d 352, 355 (5th. Cir. 1993)). First, a court must determine whether a plan "exists". *Id.* Second, a court must determine whether the plan "falls within the safe-harbor provision established by the Department of Labor." *Id.* Third, a court must determine whether the plan "satisfies the primary elements of an ERISA 'employee benefit plan'—establishment or maintenance by an employer intending to benefit employees." *Id.* If the Court finds that there is no genuine issue of fact as to the establishment of these factors, then UNUM is entitled to judgment as a matter of law that an ERISA plan exists. *Clancy v. Emp'rs Health Ins. Co.*, 82 F. Supp. 2d 589, 593 (E.D. La. 1998).

### a.   Whether a Plan Exists

The Eleventh Circuit established the requirements to determine whether a plan exists. *See Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982). The Fifth Circuit then adopted this test in *Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 240 (5th Cir. 1990). The court provided that "an ERISA plan [exists] 'if from the surrounding circumstances a reasonable person could ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." *Id.* The court explained, however, that a "formal document designated as 'the Plan' is not required to

establish that an ERISA plan exists; otherwise, employers could avoid federal regulation by failing to memorialize their employee benefit programs in a separate document so designated." *Id.* Whether a plan exists is a question of fact. *Clancy*, 82 F. Supp. 2d. at 593 (citing *McDonald v. Provident Indem. Life Ins. Co.*, 60 F.3d 234, 235 (5th Cir. 1995)).

Defendant argues that a reasonable person can determine the intended benefits and beneficiaries of the policy at issue, ascertain the source of financing associated with the policy, and determine the procedures to receive benefits under the policy. (Rec. Doc. 12-1 at 6.) Defendant argues that the intended benefits of the policy at issue "are long and short-term disability coverage." *Id.* The intended beneficiaries "are all full-time employees who are working at least 30 hours per week." *Id.* Defendant argues that a reasonable person can "ascertain the source of financing associated with the UNUM policy." *Id.* Defendant cites to two Eastern District of Pennsylvania decisions in support of its position that a reasonable person can ascertain the source of financing associated with the UNUM policy. *Id.* Specifically, Defendant argues that "the source of funding may be the employer, the employee, or a combination of both." *Id.* citing *Tannenbaum v. UNUM Life Ins. Co. of Am.*, 2006 WL 2671405, at *4 (E.D. Pa. Sept. 15, 2006); *Spillane v. AXA Fin., Inc.*, 648 F. Supp. 2d 690, 696 (E.D. Pa. 2009). Thus, Defendant argues that a reasonable person

6

can ascertain from the policy that Alliance funded the short-term disability coverage and Alliance's employees paid for the costs of the long-term disability coverage. (Rec. Doc. 12-1 at 6.) Finally, Defendants argue that a reasonable person can determine the procedures necessary to receive benefits under the policy at issue. *Id*. Namely, Defendant claims that the policy's plan outlines the procedure for filing a claim, what will occur if benefits are denied, and the procedures for an administrative appeal. *Id.*

The Court finds that a plan exists. The benefits provided, and beneficiaries of such benefits, are described in the UNUM policy. *See*, *e.g.*, Rec. Docs. 12-3, 12-6. Similarly, the courts within this circuit have found that the source of financing associated with a policy may come from both the employer and the employee. *See Lee v. Sun Life Assurance Co. of Canada*, 20 F. Supp. 2d 983, 986 (M.D. La. 1998); *Fitch v. Life Ins. Co. of N. Am.*, 583 F. Supp. 2d 787, 789 (W.D. La. 2008). The policy explains to beneficiaries that their employer pays the costs of coverage for short-term disability benefits, (Rec. Doc. 12-6 at 4), while employee-beneficiaries pay the costs of coverage for long-term disability benefits (Rec. Doc. 12-6 at 6.) Finally, a reasonable person can determine the procedures for receiving benefits under the plan. Specifically, the plan outlines the procedures to file a claim for short-term and long-term disability benefits. (Rec. Doc. 12-6 at 9-11.)

**b.    Whether the Plan Falls Within the Safe-Harbor Provision Established by the Department of Labor**

The second step is to determine whether the plan at issue is exempt from ERISA because it falls within the Department of Labor's safe-harbor provisions. *Clancy*, 82 F. Supp. 2d at 594. A plan falls into ERISA's safe-harbor exclusion if:

> (1) No contributions are made by an employer or employee organization;
> (2) Participation in the program is completely voluntary for employees or members;
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

The plan at issue must meet all four criteria to be exempt under the safe-harbor exclusion. *McNeil v. Time Ins. Co.*, 205 F.3d 179, 190 (5th Cir. 2000). Defendant argues that because Alliance contributed to the premium payments under the long and short-term disability plan by paying the premiums for short-term disability benefits, that this alone precludes the plan from falling under ERISA's safe-harbor provision. (Rec. Doc. 12-1 at 8.) Plaintiff does not dispute that Alliance makes contributions under the plan. Accordingly, the plan does not fall under the safe-harbor provision

8

established by the Department of Labor because Plaintiff's employer makes contributions. *McNeil*, 205 F.3d at 190.

>    **c.    Whether the Plan Satisfies the Primary Elements of an ERISA "Employee Benefit Plan"**

The third step is to determine whether the plan at issue "satisfies the primary elements of an ERISA 'employee benefit plan'—establishment or maintenance by an employer intending to benefit employees." *Clancy*, 82 F. Supp. 2d at 594. This requires two inquiries: whether (1) the plan was established or maintained by an employer (2) with the intent to benefit its employees. *Id.* In *McDonald v. Provident Indemnity Life Insurance Co.*, the Fifth Circuit found that the employer "established or maintained" an insurance plan for the purpose of providing benefits to its employees where: (1) the employer purchased the insurance, (2) selected the benefits, (3) identified the employee-participants, and (4) distributed enrollment and claim forms. 60 F.3d at 236. Similarly, Defendant argues that Alliance applied for group short-term and long-term disability benefits, the policy provides benefits to certain employee-participants, and that Alliance provides access to booklets which explain the policy's benefits and claims procedures. (Rec. Doc. 12-1 at 7.) Again, Plaintiff does not dispute that the plan does not satisfy the primary elements of an ERISA "employee benefit plan". Accordingly, the

plan satisfies the primary elements of an ERISA "employee benefit plan".

### d.   Plaintiff's Disability Insurance Plan is Governed by ERISA

Defendant has satisfied each element to prove that the disability plan at issue is governed by ERISA. Specifically, a plan exists, does not fall within ERISA's safe-harbor provision, and satisfies the primary elements of an ERISA "employee benefit plan". Consequently, Defendant has satisfied its burden and proven that it is entitled to judgment as a matter of law that the policy at issue is governed by ERISA. *Clancy*, 82 F. Supp. 2d 593.

### 2.   Whether Plaintiff's Claim for Penalties and Attorney's Fees under La. R.S. § 22:1821 is Preempted by ERISA

There are two distinct types of preemption under ERISA: complete preemption under § 502(a) (the civil enforcement provision codified at 29 U.S.C. § 1132(a)) and conflict or express preemption under § 514 (codified at 29 U.S.C. § 1144(a)). *Trahan v. Metropolitan Life Insurance Co.*, 2016 WL 3443658, at *6 (W.D. La. May 20, 2016) (citing *Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 275 n.34 (5th Cir. 2004); *Cunningham v. Petroleum Prof'l Int.*, No. 04-2528, 2006 WL 1044153 (W.D. La. Apr. 19, 2006)). The former supports federal question jurisdiction, whereas the latter does not. *Id.* (citing *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 291 (5th Cir. 1999) (en banc)).

10

Complete preemption occurs when a federal statute wholly displaces a state law cause of action, and in effect, converts or recasts the state law claim into a federal cause of action. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-66 (1987); *Aetna Health, Inc., v. Davila*, 542 U.S. 200, 207-211(2004). ERISA's civil enforcement provision is a statute with such preclusive force for any cause of action that falls within its "scope." *Arana v. Ochsner Health Plan*, 338 F.3d 433, 440 (5th Cir. 2003) (en banc). A cause of action falls "within the scope" of ERISA's civil enforcement provision when the plaintiff could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty implicated by the defendant's actions. *Davila*, 542 U.S. at 210. ERISA's express preemption provision, § 514(a), states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan. . . ." 29 U.S.C. § 1144(a) (emphasis added). This provision is purposefully expansive, and is intended to "ensure that employee benefit plan regulation would be exclusively a federal concern." *Davila*, 542 U.S. at 208. Thus, any state-law cause of action that "duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id*.

In *Trahan*, the court explained that "[c]ourts consistently have recognized that ERISA preempts a claim for unpaid benefits,

penalties, and fees under Louisiana Revised Statute § 22:657 (now § 22:1821). 2016 WL 3443658, at *7; *see also Ponstein v. HMO Louisiana Inc.*, No. 08-663, 2009 WL 1309737 (E.D. La. May 11, 2009); *Taylor v. BlueCross/BlueShield of New York*, 684 F. Supp. 1352 (E.D. La. 1988); *Cunningham*, 2006 WL 1044153. Further, "a § 22:1821 claim centers upon whether [the] plaintiff had a right to reeive benefits under the terms of an ERISA plan, which affects the relationship between traditional ERISA entities." *Trahan*, 2016 WL 3443658, at *7. Moreover, La. R.S. § 22:1821 explicitly defers to ERISA plans: "[t]he provisions of this Paragraph shall not apply to medical benefit plans that are established under and regulated by [ERISA]." La. R.S. § 22:1821(f). Therefore, Plaintiff's claim for penalties and attorney's fees under La. R.S. § 22:1821 is preempted unless the claim falls within ERISA's savings clause.

ERISA's savings clause provides that "except as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." 29 U.S.C. § 1144(b)(2)(A). For a state law to be considered a law that regulates insurance under the savings clause, it must meet two requirements: (1) "the state law must be specifically directed toward entities engaged in insurance;" and (2) "the state law must substantially affect the risk pooling arrangement between the insurer and the insured." *Garcia v. Best Buy Stores, L.P.*, 416 F.

12

App'x. 384, 386 (5th Cir. 2011) (citing *Kentucky Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 341-342, 123 S. Ct. 1471 (2003)). To affect the risk-pooling arrangement, a "statute must alter the scope of permissible bargains between insurers and insureds and thus substantially affect the risk-pooling arrangements that insurers may offer." *Ellis*, 394 F.3d at 277-78 (citations and internal quotation marks omitted). Statutes that are remedial in nature, i.e. that provide remedies "to which the insured may turn when injured by the bad faith of the insurer," do not affect the bargain that an insurer makes with its insured, and therefore, do not affect the "risk" contracted for by the insurer. *Id.* § 22:1821 authorizes recovery of benefits due under a policy, plus penalty fees for an insurer's unreasonable failure to timely pay benefits. Because "it is remedial in nature and does not affect the risk (a participant's health care costs) contracted for under the policy" Plaintiff's claim for penalties and attorney's fees under § 22:1821 does not fall within ERISA's savings clause and is preempted by ERISA. *Trahan*, 2016 WL 3443658, at *8; *see also*, *Letter v. UNUM Life Ins. Co. of Am.*, No. 02-2694, 2003 WL 22077803 (E.D. La. Sept. 5, 2003).

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion for Summary Judgment Regarding the Applicability of ERISA and Preemption of State Law Claims* **(Rec. Doc. 12)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's state law claim for penalties and attorney's fees under Louisiana Revised Statute § 22:1821 is **DISMISSED**, with prejudice, as preempted.

New Orleans, Louisiana, this 12th day of August, 2016.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE